# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI GILL, as Representative and Next Friend of GLENN OSCAR GILL, a Long Term Care Facility Resident, on his behalf and on behalf of all others Similarly Situated | : <br> : <br> : <br> : No. 20-cv-02038 <br> : <br> : HON. CHAD F. KENNEY <br> : |
| and | : CLASS ACTION <br> : |
| GREG HUBERT, as Representative and Next Friend of Nethia Knight, a Long Term Care Facility Resident, on her behalf and on behalf of all others Similarly Situated | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| PENNSYLVANIA DEPARTMENT OF HEALTH and Rachel Levine, M.D. In Her Official Capacity as Secretary of Health of the Commonwealth of Pennsylvania | : <br> : <br> : <br> : <br> : |
| Defendants. | |

## JOINT STATUS REPORT SUBMITTED IN COMPLIANCE WITH ORDER OF JUNE 12, 2020

## I.   BACKGROUND

By Order of May 22, 2020 (Doc. 14), the Court directed the parties to meet and confer, and thereafter to prepare and file a draft scheduling order regarding the Complaint (and amendments) underlying this matter. In compliance with the

1

Order, the parties met and conferred on June 8, 2012, and filed a Joint Scheduling Order on June 12, 2020 (Doc. 24). The Joint Scheduling Order filed on June 12, 2020, is incorporated herein by reference as if set forth in full.

During the pendency of the May 22 Order, Plaintiffs filed a Motion for Preliminary Injunction on June 5, 2020 (Doc. 18). On June 12, 2020, after the filing of the parties' Joint Scheduling Order (Doc. 24), the Court issued an Order (Doc. 30) of the same date directing the submission of a status report to include, in addition to the draft schedule already submitted by the parties with regard to the underlying Complaint (and amendments), agreed upon dates leading up the preliminary injunction. (*Id*.) In compliance with the Order of June 12, 2020, the parties submit the within Status Report specifically relating to the scheduling of Plaintiffs' Motion for Preliminary Injunction.

**II.   MEET AND CONFER CONCERNING SCHEDULING OF MOTION FOR PRELIMINARY INJUNCTION AND AGREED UPON SCHEDULE**

The parties have met and conferred multiple times since the issuance of the Court's Order of June 12, 2020. The parties have exchanged various proposals for scheduling relating to the dates leading up to the preliminary injunction hearing and have agreed to propose the following dates:

**Deadline for Close of Discovery:**    **July 15, 2020**

**Preliminary Injunction Hearing:**    **To be held on or after July 21, 2020**

**Status Conference on Motion:**          **Week of June 29, 2020**

With respect to the depositions to be conducted by the parties, on June 18, 2020, Plaintiff served a Fed.R.C.P. 30(b)(6) Notice upon the undersigned, seeking the deposition of as yet unidentified corporate representatives of Defendants on 32 questions/categories, and including 11 requests for production of documents attendant to any corporate representative deposition. Defendants are still evaluating the Notice for the identification of appropriate representatives, but have reserved the right to object to the Notice based on its content, or otherwise by virtue of the issues to be raised by Defendants in response to the Motion for Preliminary Injunction to be filed on June 26, 2020 (*see* Section III. below).

On behalf of Defendants, the undersigned has previously advised Plaintiffs of Defendants' intention to depose both Plaintiffs (and/or their representatives), and all affiants/declarants identified by Plaintiffs and on behalf of whom declarations/affidavits have been submitted thus far, including Jeffrey Shaman, Ph.D.; Larry Brilliant, M.D., MPH, George Emerson; Kenneth A. Williams, M.D.; D. Holmes Morton, M.D.; and Edwin Naylor, Ph.D., MPH.

Plaintiffs and Defendants have reserved all rights to supplement their witness deposition lists as compelled by any discovery or testimony received during the discovery process.

**III.     SCOPE OF DISCOVERY AND PRESERVATION OF OBJECTIONS**

*Plaintiffs' Position:*

Plaintiffs assert that they are entitled to have discovery on the class issues at this time as part of the Motion for Preliminary Injunction. The Court dismissed Plaintiffs' Motion for Class Certification without prejudice and prior to the filing of the Second Amended Complaint and prior to the Motion for Preliminary Injunction. It is clear that the circumstances of the litigation changed after the Order was issued.[1]

Plaintiffs seek leave to refile their Motion for Class Certification based on the Second Amended Complaint, but discovery and a hearing as to the Motion for Preliminary Injunction should not wait, and are not required to wait, until the Motion for Class Certification is addressed. Class certification is not required prior to the consideration and grant of relief sought by a motion for preliminary injunction as many cases in the Third Circuit so hold. *See, e.g., Santiago v. Philadelphia*, 72 F.R.D. 619 (E.D. Pa 1976) (injunction issued as to all putative class members before class certification); *Spring Garden United Neighbors, Inc. v. City of Philadelphia*, 1986 U.S. Dist. Lexis 19688, 1986 WL 1525 (injunction granted as to putative class prior to certification of class). Having putative class members suffer the alleged irreparable harm merely because the preliminary

---

[1] In order to preserve all issues in case of the need for appeal, Plaintiffs must have a determination of the class certification motion prior to an appeal.

4

injunction is litigated before the class certification is contrary to the purpose behind this type of relief. The important question for imposing classwide relief is whether it is necessary to prevent classwide harm for alleged classwide conduct.

Plaintiffs will address Defendants' contentions as to whether a preliminary injunction can require conduct of a state agency for their reply brief to Defendants' opposition to Plaintiffs' motion.

Defendants' reliance on *Abbott* and *Rutledge* is misplaced. In *Abbott* a divided 5th Circuit panel granted a writ of mandamus directing the district court to vacate a TRO which exempted abortions from a Texas executive order postponing non-essential surgeries due to COVID-19. In *Rutledge,* a divided Eighth Circuit panel issued a writ of mandamus directing the district court to vacate a TRO which prohibited Arkansas officials from applying its healthcare directive due to COVID-19 to medical and surgical abortions.. These decisions are distinguishable, as the 11th Circuit pointed out.

In *Robinson v. A.G.,* the 11th Circuit held that if the executive order were interpreted to apply to proscribe abortions unless necessary for the mother's life or health, the order imposed a palpable invasion of Fourteenth Amendment rights, but had no real or substantial relation to the state's goals where the state did not provide evidence that applying the order as to pre-viability abortions would free up hospital space for COVID-19 patients or PPE for medical providers. The *Robinson*

court determined that the Fifth Circuit in *Abbott* failed to consider *Jacobson v. Massachusetts*, and also failed to analyze the Texas COVID-19 order under the *Casey* undue burden test. *Abbott* 2020 U.S. App. Lexis 10893, 2020 WL 1685929 at *8, 11. The *Rutledge* district court considered *Jacobson* and based its TRO on that analysis, but the Eighth Circuit took issue with the TRO because the district court "failed to apply the *Jacobson* framework and abused its discretion". The Eleventh Circuit in *Robinson* pointed out that the district court in that case applied both *Jacobson* and *Casey*, allowing the delay of only those abortions which could reasonably be postponed.

Plaintiffs are not aware of any witnesses that Defendants intend to present, nor are they aware of any discovery sought by Defendants. Therefore, Plaintiffs reserve the right to object as appropriate. Plaintiffs intend to present certain evidence via declaration or affidavit as part of the preliminary injunction process. Plaintiffs do not agree that Defendants have the right, at this stage, to depose those individuals unless they are designated as witnesses for the hearing. Plaintiffs have stated that any depositions will be video-recorded and proposed that at least some depositions be presented to the court ahead of the hearing on the preliminary injunction in order to shorten the time necessary for hearing.[2] Plaintiffs propose that each side be limited to 5 depositions, and that any depositions arising out of

---

[2] Since no part of the hearing will be conducted with all parties and witnesses in a courtroom, the need to call "live" witnesses is low and can be accomplished with pre-recorded testimony.

Plaintiffs' 30(b)(6) notice count aggregately as a single deposition (it is not expected that these depositions will be particularly lengthy). Plaintiffs have requested that any documents sought via the 30(b)(6) notice be provided at least three days prior to the first deposition to which they are germane.

Given the disagreement between the parties as to what constitutes appropriate discovery at this stage, as well as disagreement as to how depositions will proceed, Plaintiffs respectfully request that a pre-hearing conference be scheduled forthwith.

*Defendants' Position:*

Notwithstanding the submission of the agreed upon schedule included above, Defendants maintain that the scope of any discovery relating to the Motion for Preliminary Injunction must be strictly limited to only the issues germane to and legally cognizable as presented by the Motion. As an initial matter, and as Defendants will more fully outline in their forthcoming response to the Motion for Preliminary Injunction, Plaintiffs are foreclosed from seeking injunctive relief applicable to the class certification that this Court has initially denied without prejudice. *See Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974) ("Relief cannot be granted to a class before an order has been entered determining that class treatment is proper" and thus, the Court "must view the claim for injunctive and declaratory relief as the individual claim of the named plaintiffs."); *Meyer v.*

*CUNA Mut. Ins. Soc.*, 648 F.3d 154, 170 (3d Cir. 2011) ("In the absence of a certified class action, [a plaintiff] [i]s only entitled to relief for itself."); *Ameron, Inc. v. U.S. Army Corps of Engineers*, 787 F.2d 875, 888 (3d Cir. 1986) (same).

This Court has directed that the parties first litigate Plaintiff Gill's individual claims before proceeding to any further matters, (Doc. 9), and thus any attempt by Plaintiffs to conduct discovery beyond the Motion for Preliminary Injunction that sounds in "class discovery" as their original filings contemplated is improper. Defendants reserve all rights to timely object to Plaintiffs' discovery, including the 30(b)(6) Notice and accompanying Document Production request received on June 18, 2020, based on the limited scope and substance of the Motion for Preliminary Injunction.

In addition, Defendants expressly reserve all objections to the Motion for Preliminary Injunction and any discovery related thereto to the extent the injunctive relief requested is not capable of award or otherwise subject to denial as a matter of law.  Defendants intend to assert in response to Plaintiffs' Motion that the Motion fails as a matter of law for a variety of reasons including, *inter alia*, that Plaintiffs' are seeking mandatory injunctive relief that this Court cannot grant because it would usurp the power and expertise of a state agency, *see, e.g.*, *Comite De Apoyo a Los Trabajadores Agricolas v. Perez*, 45 F. Supp. 3d 477, 493 (E.D. Pa. 2014) ("It is the agency's prerogative to determine how best to marshal limited

resources and personnel to carry out its delegated responsibilities."); *Alpha Painting & Constr. Co. Inc. v. Delaware River Port Auth. of Pennsylvania & New Jersey*, 853 F.3d 671, 689 (3d Cir. 2017) ("The district court is not to substitute its judgment for the agency's....").

The Supreme Court and federal Courts of Appeal have consistently upheld this doctrine in the wake of the COVID pandemic. *See, e.g.*, *S. Bay United Pentecostal Church v Newsom*, 2020 WL 2813056, at *1 (U.S. May 29, 2020) (Roberts, C.J., concurring) ("When [State] officials 'undertake[ ] to act in areas fraught with medical and scientific uncertainties,' their latitude 'must be especially broad.' Where those broad limits are not exceeded, they should not be subject to second-guessing by an 'unelected federal judiciary,' which lacks the background, competence, and expertise to assess public health and is not accountable to the people.") (internal citations omitted)); *In re Abbott*, 956 F.3d 696, 716 (5th Cir. 2020) ("Respondents have submitted declarations of infectious disease experts who believe GA-09 is profoundly misguided. Texas authorities believe, to the contrary, that GA-09 is critical to protect the state's citizens and has supported that view with its own medical experts. The Supreme Court, and this court, have already explained how to resolve such an impasse: '[I]f the choice is between two reasonable responses to a public crisis, the judgment must be left to the governing state authorities.'") (internal citations omitted)); *In re Rutledge*, 956 F.3d 1018,

1031 (8th Cir. 2020) (reversing TRO because the district court "usurped the functions of the state government by second-guessing the State's policy choices in responding to the COVID-19 pandemic."); *Lopez-Marroquin v. Barr*, 955 F.3d 759, 761 (9th Cir. Apr. 9, 2020) ("We are not epidemiologists and have no expertise managing either pandemics or detention facilities. It should go without saying that the Executive Branch is the more appropriate body to decide these and other such questions."); *Swain v. Junior*, 958 F.3d 1081, 1090 (11th Cir. 2020) ("The injunction hamstrings MDCR officials with years of experience running correctional facilities, and the elected officials they report to, from acting with dispatch to respond to this unprecedented pandemic. They cannot respond to the rapidly evolving circumstances on the ground without first seeking a permission slip from the district court.")

Accordingly, although Defendants have not yet had adequate time to fully evaluate Plaintiffs' June 18, 2020, Rule 30(b)(6) Notice and accompanying Document Requests, Defendants expressly preserve the right to object, including filing a Motion for Protective Order, to limit the scope and specifics of any requested deposition or discovery based on the substantive grounds for denial of Plaintiffs' Motion to be raised in Defendants' forthcoming response on June 26, 2020.  In addition, to the extent Defendants continue to evaluate the evolving

supplements to Plaintiffs' Motion for Preliminary Injunction,[3] Defendants reserve the right to object to all affiant/declarant testimony proposed by Plaintiffs on the same grounds, including the filing of a Motion for Protective Order. The undersigned will meet and confer with Plaintiffs' counsel prior to the filing of any Motion for Protective Order.

                    Respectfully submitted,

| | |
|---|---|
| /s/ *Theresa M. Blanco* | /s/ *Jarad W. Handelman* |
| THERESA M. BLANCO | JARAD W. HANDELMAN |
| ROBERT L. SACHS, JR. | TIMOTHY T. MYERS |
| | GREGORY S. VOSHELL |
| **SHRAGER & SACHS** | THOMAS B. HELBIG |
| 2005 Market St #2300 | |
| Philadelphia, PA 19103 | **ELLIOTT GREENLEAF, P.C.** |
| (215) 568-7771 | 17 North Second Street, Suite 1420 |
| | Harrisburg, PA 17101 |
| *Co-counsel for Plaintiffs* | (717) 370-2600 |
| | |
| | *Counsel for Defendants* |

Date:  June 23, 2020

---

[3] Plaintiffs have supplemented their Motion for Preliminary Injunction three (3) times since June 5, 2020, on June 12, 2020 (Doc. 21); again on June 12, 2020 (Doc. 25); and on June 18, 2020 (Doc. 32).

11